In re ENSCO OFFSHORE INTERNA-
TIONAL COMPANY, ENSCO Inter-
national Incorporated and ENSCO
Offshore Company, Individually and
as Successor–in–Interest of Chiles
Offshore, Inc., Relators.

No. 09–0317.

Supreme Court of Texas.

May 7, 2010.

Robert L. Klawetter, Christina K. Schovajsa, Eastman Watson Dale & Forney, Houston, TX, and Michael K. Hurst, Gruber Hurst Johansen & Hail LLP, Dallas, TX, for Relators.

Eric D. Pearson and James Craig Orr Jr., Heygood Orr Reyes Pearson & Bartolomei, Dallas, for Real party in Interest.

PER CURIAM.

The plaintiff in this case filed suit in Dallas County against corporate owners of a drilling rig on which an Australian citizen employed by an Australian company was killed. At the time of the incident, the rig was in the territorial waters of Singapore, and the incident was investigated by Singaporean authorities. At issue in this mandamus proceeding is whether the trial court abused its discretion by failing to dismiss the case on forum non conveniens grounds. We hold that it did and conditionally grant relief.

Paul Merema was fatally injured while working aboard the ENSCO 104, a Liberian-flagged drilling rig docked at a shipyard facility in the territorial waters of Singapore. Paul was a citizen of Australia and was employed by Total Marine Services (TMS) of Western Australia. His employment contract with TMS was governed by the law of Western Australia. ENSCO Offshore International Inc. contracted with TMS for TMS to provide personnel for the drilling rig. The contract with TMS specified that the laws of Western Australia applied and all matters between the parties were to be referred to arbitration in Perth, Western Australia. Paul's death was investigated by Singaporean authorities, including the Ministry of Manpower, the Police Coast Guard, the State Coroner, and the Ministry of Health. Singapore Test Services, located in Singapore, participated in analysis and testing of a valve assembly involved in the incident.

Paul's wife, Margaret, filed suit in Western Australia against TMS. She then filed suit individually and on behalf of Paul's estate (collectively, Merema) in Dallas County. In the Dallas suit, she named as defendants the owner of the ENSCO 104, ENSCO Offshore International Co., ENSCO Offshore Co., and its parent company, ENSCO International Inc. (collectively, ENSCO). All the defendants have corporate offices in Dallas. ENSCO filed a motion to dismiss for forum non conveniens, asserting that no claimed act of negligence occurred in Texas and requesting the trial court to dismiss the action in favor of the jurisdictions of Singapore or Australia. Merema responded that the negligent acts of ENSCO emanated from Dallas and that most of the statutory forum non conveniens factors supported keeping the suit in Texas. The trial court denied ENSCO's motion.

The court of appeals denied mandamus relief. 312 S.W.3d 42. ENSCO now seeks mandamus relief here, asserting the trial court abused its discretion because proper application of the forum non conveniens statute requires dismissal.

An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief is available, if it is otherwise warranted. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex.2008). We review a trial court's refusal to dismiss on forum non conveniens grounds for abuse of discretion. *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex.2007).

■ Factors a trial court must consider when ruling on a motion to dismiss for forum non conveniens are specified by statute:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM.CODE § 71.051(b). The word "shall" in the statute "requires dismissal of the claim or action if the statu-tory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas." *In re Gen. Elec.,* 271 S.W.3d at 686. We will address the statutory factors in order.

■ ENSCO asserts that either Australia or Singapore provides an adequate forum as required by the first two factors. *See* TEX. CIV. PRAC. & REM.CODE § 71.051(b)(1)-(2). Merema does not claim that either of those forums is inadequate. Rather, she claims that ENSCO has not identified a *single* alternate forum and there is no single forum that provides a more practical venue than the one she chose. She claims ENSCO has amalgamated the forums of Singapore and Australia into one with statements such as "[m]ost of the key documents herein are located in Australia or Singapore," which obscures the problems with trying the case in either forum.

■ An alternate forum is one where the defendant is amenable to process. *In re Gen. Elec.,* 271 S.W.3d at 688 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). A forum is inadequate if the remedies it offers are so unsatisfactory they really comprise no remedy at all. *Id.* Merema does not disagree with EN-SCO's assertions that the defendants are amenable to process in either Singapore or Australia, nor does she dispute that each provides adequate remedies. Rather, she argues, in substance, that ENSCO should have explained the trial procedures of a particular location to demonstrate it was an adequate alternate forum. We disagree because such a showing is not necessary. Comparative analyses of procedures in different forums is not generally appropriate in forum non conveniens analysis: "Comparison of the 'rights, remedies, and procedures' available in each

forum would require complex exercises in comparative law that the forum non conveniens doctrine is designed to help courts avoid." *Id.* (quoting *Piper Aircraft,* 454 U.S. at 251, 102 S.Ct. 252). Comparative analyses are relevant to a court's forum non conveniens decision only if a potential transfer would effectively result in no available remedy at all. *See id.* Merema does not contend that is the situation here.

■ Merema supports her position by citing to *In re Air Crash at Taipei Taiwan Multidistrict Litig.,* 153 Fed.Appx. 993 (9th Cir.2005). There, the Ninth Circuit reversed a trial court's dismissal of a case on forum non conveniens grounds because the trial court considered multiple alternate forums rather than comparing the chosen forum with a single alternative. *Id.* at 995–96. The citation is inapposite. Here, ENSCO separately detailed the causes of action and remedies available to Merema in both Singapore and Australia, listed the crew members of the ENSCO 104 at the time of the incident along with their nationalities, listed other potential witnesses and their locations, and noted the location of certain documentary and physical evidence. The common-law doctrine of forum non conveniens "presupposes *at least* two forums in which the defendant is amenable to process." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 506–07, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) (emphasis added); *see also Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int'l Ltd.,* 179 S.W.3d 639, 643 (Tex.App.-El Paso 2005, pet. denied); *Sarieddine v. Moussa,* 820 S.W.2d 837, 841 (Tex.App.-Dallas 1991, writ denied). Nothing in Section 71.051 indicates the Legislature contemplated the denial of forum non conveniens motions because multiple adequate alternate forums existed, or that a defendant should be required to focus on only one alternate forum to the exclusion of other forums. *See In re Pirelli,* 247 S.W.3d at 677 (noting the presumption that the Legislature enacts statutes with awareness of existing law and presuming the Legislature was aware of the *Gulf Oil* test). The first two statutory factors weigh in favor of granting ENSCO's motion.

■ The third factor under Section 71.051 is whether maintaining the claim in Texas would work a substantial injustice to the moving party. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(3). ENSCO asserts that an analysis of the public and private interest factors demonstrates that maintaining the claim in Texas will cause it substantial injustice. ENSCO argues, and we agree, as discussed below, that the lack of compulsory process in Texas for reaching the great majority of witnesses would be substantially unjust. *See In re Gen. Elec.,* 271 S.W.3d at 689–90. Next, ENSCO asserts a substantial injustice will result because it has a suit pending against TMS in Western Australia for indemnity under their contract.[1] ENSCO argues that TMS is not subject to the jurisdiction of the Texas trial court and, therefore, the Australian suit can neither be consolidated with this one nor can common issues be determined in Texas litigation. While it is possible that a defendant may seek indemnity or contribution from a foreign party after being found liable, it "would be far more convenient, however, to resolve all claims in one trial." *Piper Aircraft Co.,* 454 U.S. at 259, 102 S.Ct. 252. This factor weighs in favor of granting ENSCO's motion.

The fourth statutory factor is whether the alternate forum can exercise jurisdiction over all the defendants. TEX. CIV. PRAC. & REM.CODE § 71.051(b)(4). All the defendants have agreed to submit to juris-

---

1. The suit also involves a claim by ENSCO for insurance coverage.

diction in either Singapore or Australia, and Merema does not argue that either forum could not exercise jurisdiction over all of them. This factor also weighs in ENSCO's favor.

The fifth factor requires balancing public and private interest factors. *Id.* § 71.051(b)(5). A consideration in this balancing is the extent to which Paul's death resulted from acts or omissions that occurred in Texas. *Id.* Private interest considerations include ease of access to proof, availability and cost of compulsory process, and other practical problems that make trial easy, expeditious, and inexpensive. *In re Gen. Elec.,* 271 S.W.3d at 691 (citing *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839). ENSCO points out that in this case relevant documents and potential witnesses are located around the world. For example, the investigating officials and employees of the shipyard are in Singapore. Paul's family, a psychologist who provided services after the incident, and TMS and its employees are located in Australia. The ENSCO 104 rig manager at the time of the incident is now in India. Of the twenty-nine men assigned to work on the ENSCO 104 at the time of the incident, twenty-one were TMS employees and all but two of the men on duty at the time of the incident were citizens of Australia or New Zealand, as were three of the four men who witnessed the incident. Merema argues that nine of the twenty-nine men assigned to the ENSCO 104 were United States citizens, including four Texas residents. However, the actual locations of most of those men were unknown. Only two were still employed by ENSCO. The last known address for one was in Mississippi. Even if some witnesses are located in the United States, the fact remains that compulsory process is unavailable for the vast majority of witnesses. *See* Tex.R. Civ. P. 176.3. Similarly, although Merema

asserts that copies of documents located in Australia and Singapore can be shipped or sent by email, that fact does not cure the problems and difficulties posed by the lack of compulsory process to secure production of the documents and other evidence. *In re Gen. Elec.,* 271 S.W.3d at 691.

Aside from the fact that compulsory process is unavailable to compel the majority of witnesses to appear in Dallas County or to require production of documents, the practical problems that make trial easy, expeditious, and inexpensive must be considered. *Id.* (citing *Gulf Oil,* 330 U.S. at 508, 67 S.Ct. 839). The physical evidence is in storage in Singapore and onboard the ENSCO 104, which was operating off the shores of Malaysia when the trial court rendered its decision and off the shores of Australia when ENSCO filed its brief. This evidence is under ENSCO's control, but ENSCO presented evidence that the cost of airfare from Singapore or Australia to Dallas was approximately five times the cost of airfare between Australia and Singapore. Travel time between Australia and Singapore was five hours compared to over twenty hours for travel between Australia or Singapore and Dallas. Merema argues that because witnesses are scattered around the globe, there will be inconvenience no matter where the suit is tried, and that is true. But clearly the great majority of witnesses and most of the evidence remain in Australia and Singapore. The cost, time, and scheduling difficulties to obtain evidence and present witness testimony would be far greater if the case were tried in Texas.

Another consideration in the fifth factor is the extent to which Paul's death resulted from acts or omissions that occurred in this state. Tex. Civ. Prac. & Rem.Code § 71.051(b)(5). Merema asserts that she need not prove that Paul's death resulted from acts or omissions occurring in Texas

by a preponderance of the evidence, but that she need only make a prima facie showing that it did so. She claims her burden was fulfilled by evidence that actions and inactions of ENSCO corporate management led in part to Paul's death. Merema relies on a statement in a report produced by TMS entitled "Human Factors Investigation into the fatality that occurred on board the jack-up rig *ENSCO 104* on 23 April 2005."[2] Under the "Findings" section was a subsection entitled "Personal and Team Safety" that stated,

[S]afety—on an individual and work team level—was taken very seriously and professionally by personnel working on the rig. . . . Several persons commented that if safety system practices were not been [sic] performed on board, failure to comply with them was ultimately because of a lack of commitment from senior rig management and, possibly, ENSCO shore management. Several persons suggested that commercial imperative was perceived to be interfering with safety management.

■ We disagree with Merema's premise as to her burden of proof. The forum non conveniens statute does not place the burden of proof on either party. To the extent evidence is necessary to support a party's position, the trial court must base its decision on the greater weight of the evidence. *See In re Gen. Elec.*, 271 S.W.3d at 687. Here, Merema has not identified any corporate policy linked to Paul's death, and the report on which she relies states that *if* safety practices were not being performed, failure to comply was *possibly* due to a lack of commitment from ENSCO shore management. ENSCO presented uncontroverted evidence that persons addressed by the report—rig management and shore management—were employed by a separate corporation located in Singapore and land-based personnel were based in Singapore and Australia. Accordingly, the report is no evidence that Paul's death resulted from an act or omission that occurred in Texas.

■ The public interest factors to consider in determining the fifth factor include administrative difficulties related to court congestion, imposition of jury duty on citizens who have no relation to the litigation, local interest in having localized controversies decided at home, and trying the case in a forum that is at home with the law that governs the case. *Id.* at 691. Merema asserts that because this case involves the actions of Texas parties, the people of Texas have an interest in resolution of the issues. But as previously noted, Merema did not offer evidence that the ENSCO defendants' actions or omissions in Texas contributed to Paul's death. Nor did she identify any other Texans who have an interest in the case. The case involves an injury that happened in Singapore's territorial waters on a Liberian-flagged vessel to an Australian citizen employed by an Australian company. As we said in *In re Pirelli Tire*, "[I]t is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State." 247 S.W.3d at 676. Further, the fact that the trial court has jurisdiction over the defendants because their offices are in Dallas is a separate issue from whether the case should be dismissed on forum non conveniens grounds. *Id.* at 675.

---

**2.** ENSCO objected that the report is unauthenticated, but it did not obtain a ruling on the objection. *See* Tex.R.App P. 33.1(a)(2).

Another consideration in determining the fifth statutory factor is whether Texas law will govern the case. *In re Gen. Elec.*, 271 S.W.3d at 691. ENSCO and Merema disagree regarding what law will govern. ENSCO asserts that Merema's claims are governed by the law of Australia or Singapore because those forums have the most significant relationship to the underlying incident. *See Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex.2002). Merema counters that if the suit is maintained in Texas, the trial court will apply Texas law or the federal Death on the High Seas Act. *See* 46 U.S.C. § 30301. But Merema does not explain why Texas law would apply. The applicable law is determined in Texas by the Restatement's "most significant relationship" test. *Hughes*, 18 S.W.3d at 205 (Tex.2000) (citing Restatement (Second) of Conflict of Laws §§ 6, 145 (1971)). The factors to consider in determining the applicable law for a tort case such as this are (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the residence, nationality, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Id.* at 205 n. 1 (citing Restatement (Second) of Conflict of Laws § 145(2) (1971)); *see also* Tex. Civ. Prac. & Rem.Code § 71.031(c) (providing that in an action for the death caused by actions outside the state, the court shall apply the rules of substantive law that are "appropriate under the facts of the case"). There is evidence of only one of these factors that points to Texas: the residence, nationality, and place of business of ENSCO. And if Merema's claim falls under the federal Death on the High Seas Act, a similar analysis applicable to maritime cases is required to determine whether foreign law applies. *Hellenic Lines, Ltd. v. Rhoditis*, 398 U.S. 306, 307–10, 90 S.Ct. 1731, 26 L.Ed.2d 252 (1970); *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 384 n. 6 (5th Cir.1983). Even assuming Texas law applies, however, all other public interest factors favor dismissal of the case. *See Piper Aircraft Co.*, 454 U.S. at 260, 102 S.Ct. 252. We conclude that the fifth statutory factor weighs in favor of granting ENSCO's motion.

We next consider the sixth factor: whether dismissal of this suit would result in unreasonable duplication or proliferation of litigation. Tex. Civ. Prac. & Rem.Code § 71.051(b)(6). Merema does not argue that dismissal of this case will have such a result. And as ENSCO points out, if this case is dismissed, it may result in consolidation of this claim with other claims already filed in Australia, thus reducing the amount of litigation. This last factor also weighs in ENSCO's favor.

The trial court stated at the forum non conveniens hearing "[w]hile I do think all the factors weigh in favor of a different forum probably in Australia, I don't think that they weigh so heavily that I've got to dismiss this case." Merema asserts, citing several cases, that the trial court did not abuse its discretion because the trial court correctly found that it should only disturb a plaintiff's choice of forum if the balance of factors *strongly favors* the defendant, which they do not. *See Sarieddine*, 820 S.W.2d at 844 ("The doctrine of forum non conveniens should be exercised only in those cases where the balance of factors so strongly favors the defendant that, in the interest of justice, the case should be tried in another forum."); *see also Signature Mgmt. Team, LLC v. Quixtar, Inc.*, 281 S.W.3d 666, 675 (Tex.App.-Dallas 2009, pet. filed) ("Quixtar's burden was to show that the *Gulf Oil* factors in their totality strongly favor dismissal."); *Adams v. ESC Med. Sys., Inc.*, 161 S.W.3d 49, 50 (Tex. App.-Houston [14th Dist.] 2004, no pet.)

("Unless the balance of factors strongly favors the defendant, the plaintiff's choice of forum should rarely be disturbed."). We disagree. The cases relied on by Merema were decided on common-law forum non conveniens grounds. The forum non conveniens statute does not contain similar requirements. *See* TEX. CIV. PRAC. & REM.CODE § 71.051. "The Legislature ... by use of the word 'shall,' requires dismissal of the claim or action if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas." *In re Gen. Elec.*, 271 S.W.3d at 686. The statute's language simply does not require that the Section 71.051(b) factors "strongly" favor staying or dismissing the suit. Here, all the factors weigh in favor of Merema's claim being heard in a forum outside Texas, and

the statute required that the trial court grant the motion and decline to exercise jurisdiction.[3]

We conclude that the trial court's denial of ENSCO's motion to dismiss the suit on forum non conveniens grounds was an abuse of discretion. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is directed to grant ENSCO's motion and dismiss the case. The writ will issue only if the trial court fails to do so.

---

3. We do not address whether the statute requires dismissing or staying the suit if the evidence proves only that some, as opposed to all, the Section 71.051(b) factors weigh in favor of the trial court's declining to exercise jurisdiction.