Petition for Writ of Mandamus Denied and
Memorandum Opinion filed February 1, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-01219-CV



 

In Re Old Republic National Title Insurance Company,
Relator



 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

61st
District Court

Harris County,
Texas

Trial Court No.
2009-05106



 



MEMORANDUM
 OPINION

On December 13, 2010, relator Old Republic National
Title Insurance Company filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code Ann. §22.221; see also Tex. R. App. P. 52.  In the
petition, Old Republic asks this court to compel the Honorable Alfred H.
Bennett, presiding judge of the 61st District Court of Harris County, to vacate
his order of October 28, 2010, denying Old Republic’s motion to dismiss for
forum non conveniens.  

Background

Real-party-in-interest AmericaHomeKey, Inc. filed
suit in Harris County on January 28, 2009, alleging Old Republic breached its
fiduciary duty owed to AmericaHomeKey as the insurance underwriter on ten
mortgage loans issued in Florida.  AmericaHomeKey is a mortgage lender
attempting to collect on ten defaulted mortgage loans.  The dispute centers
around closing protection letters issued by Old Republic.  AmericaHomeKey alleges
Old Republic is liable as the title company underwriter pursuant to the closing
protection letters.

Old Republic is a Florida company; the collateral for
each of the loans is Florida property, and the original mortgage broker was in
Florida.  AmericaHomeKey is a Texas company based in Dallas, with offices in 27
states.  According to the petition, AmericaHomeKey filed suit but did not
actively pursue discovery until the spring of 2010.  At that time AmericaHomeKey
issued a notice of intention to take depositions of Old Republic’s
representatives for which Old Republic sought a protective order.  After
receiving Old Republic’s notice, the parties engaged in mediation.  Mediation
was unsuccessful, and on October 19, 2010, shortly before trial was set to commence,
Old Republic filed a motion to dismiss for forum non conveniens to facilitate
re-filing in Florida.  On October 22, 2010, the trial court held a hearing at
which it denied Old Republic’s motion to dismiss.

At the hearing, Old Republic argued that dismissal
was appropriate and the case should be filed in Florida because the property
and its purchasers are in Florida, the mortgages were entered into in Florida,
and all of the witnesses reside in Florida.  Old Republic’s attorney stated she
anticipated calling the borrowers, who lived in Florida and who would not
voluntarily travel to Texas to testify.  AmericaHomeKey’s attorney responded,
stating that this dispute is one between two companies and AmericaHomeKey needs
to call only four witnesses, one from California, one from Missouri, and two
from Florida.  All of AmericaHomeKey’s representatives are in Texas.  AmericaHomeKey’s
attorney expressed his willingness to travel to California, Missouri, and
Florida to take depositions of the witnesses.  

The parties’ attorneys engaged in a debate as to the
importance of the borrowers from Florida as witnesses.  Old Republic’s attorney
represented that the borrowers were important to its case, and because the
witnesses live in Florida, they are beyond subpoena range.  It is AmericaHomeKey’s
position that the borrowers committed fraud, never intended to pay their
mortgages, and are unavailable to testify regardless of whether they are
subject to subpoena.  AmericaHomeKey further asserted that the borrowers’
testimony is irrelevant to this dispute involving liability for coverage on the
foreclosed loans.  AmericaHomeKey represented that if it were determined that
any of the borrowers’ testimony is necessary, AmericaHomeKey would be willing
to travel to Florida to take the depositions of the borrowers.  AmericaHomeKey further
represented that it would be ready for trial in Harris County within three to
four months.  Moving the case to Florida would mean that the trial process
would begin again and most likely trial would be delayed.  

The trial court denied Old Republic’s motion to
dismiss.  Old Republic seeks mandamus relief to direct the trial court to
vacate its order and to order the trial court to dismiss the underlying suit
for re-filing in Florida.

Mandamus
Standard

Under the doctrine of forum non conveniens, a trial
court may exercise its discretion to resist imposition of an inconvenient
jurisdiction upon a litigant who is otherwise subject to its jurisdiction.  Boots
v. Lopez, 6 S.W.3d 292, 294 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). 
A trial court abuses its discretion if its forum-non-conveniens ruling is
arbitrary, unreasonable, and without reference to guiding principles.  In re
Pirelli Tire, L.L.C., 247 S.W.3d 670, 673 (Tex. 2008).  There is no
adequate remedy at law if a trial court erroneously denies a motion to dismiss
based on forum non conveniens.  Id. at 679.

The doctrine rests on a strong presumption in favor
of the plaintiff’s choice of forum, a presumption a defendant may overcome only
when the private and public interest factors clearly point toward trial in the
alternative forum.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255
(1981).  In Gulf Oil Corp. v. Gilbert, 380 U.S. 501, 507 (1947), the
United States Supreme Court set forth factors federal trial courts should
consider in applying the doctrine of forum non conveniens, and Texas courts
have adopted these factors.  See Pirelli, 247 S.W.3d at 676–77.  The
private factors a trial court should consider are the relative ease of access
to sources of proof, availability of compulsory process for attendance of
unwilling witnesses and the cost of obtaining attendance of willing witnesses,
the ability to view the premises (if appropriate), and other practical matters
to make trying the case easy, expeditious, and inexpensive.  Gulf Oil,
330 U.S. at 508.  The trial court should also consider other public factors
including the burden imposed upon the citizens of the state and on the trial
court, and the general interest in having localized controversies decided in the
jurisdiction in which they arise.  Id. at 508–09.[1]

A court should give greater deference to a
plaintiff’s choice of forum when the plaintiff has chosen its home forum.  Piper
Aircraft Co., 454 U.S. at 255.  Unless the balance weighs heavily in favor
of the defendant, a court should rarely disturb the plaintiff’s choice of
forum.  In re ENSCO Offshore Intern. Co., 311 S.W.3d 921, 928–29 (Tex.
2010).  The defendant bears the burden of proving the factors are in its favor.
Id.

Analysis

Adequate Alternate Forum

Old Republic contends that Florida is an adequate
alternate forum because all of the witnesses who will testify at trial are
Florida residents.  AmericaHomeKey disputes this contention by pointing out
that this is a contract dispute between two corporations.  The individuals who
allegedly signed the loans are immaterial to the dispute between the parties.  AmericaHomeKey
argues that the location of the mortgaged property is also irrelevant because
all of the loans have been foreclosed by the investors.  AmericaHomeKey has
offices in 27 states including Texas, and alleges the closing coordinator on
all ten loans was its employee in the Kingwood Branch in Texas.

Private Interests

The private factors are relative ease of access to
sources of proof; availability of compulsory process for attendance of
unwilling witnesses, and the cost of obtaining willing witnesses; the
possibility of viewing the premises; enforceability of any judgment obtained;
and all other practical problems that make trial of a case easy, expeditious,
and inexpensive.  Gulf Oil, 330 U.S. at 508.

Old Republic argues that the private-interest factors
favor a Florida forum because the property and individual witnesses are in
Florida and outside the subpoena power of a Harris County court.  AmericaHomeKey
responds by stating it intends to call only four witnesses.  One witness would
be from California because damages need to be proved through Bank of America,
which is based in California.  Another witness is in Missouri and AmericaHomeKey’s
representatives are in Texas.  AmericaHomeKey also plans to call two witnesses
who reside in Florida.  AmericaHomeKey plans to call a handwriting expert who
will testify that several of the loans were forgeries; the handwriting expert
resides in Harris County.   AmericaHomeKey’s attorney represented that the
“borrowers” either were individuals whose names were forged or are from Haiti
and have since fled the country.  Old Republic’s attorney did not dispute this
representation.  

With regard to other practical problems that make
trial of a case easy, expeditious and inexpensive, it is important to recognize
that this case has been on file in Texas for approximately three years.  Within
a week of trial Old Republic filed its motion to dismiss for forum non conveniens. 
If the court had granted Old Republic’s motion to dismiss, the case would have
to be re-filed in Florida, resulting in unnecessary delay.

Public Interests

Generally, the public-interest factors to be
considered are the administrative difficulties related to court congestion,
burdening the people of a community with jury duty when they have no relation
to the litigation, local interest in having localized controversies decided at
home, and trying a case in the forum that is at home with the law that governs
the case.  In re Gen. Elec. Co., 271 S.W.3d 681, 691 (Tex. 2008).

Old Republic contends that Florida law will apply to
this case and that the citizens of Texas should not be burdened with resolving
a Florida business dispute.  AmericaHomeKey disputes Old Republic’s contention
that Florida law will apply.  AmericaHomeKey asserts that the contract in
dispute was to be performed in Texas by delivery of the loan files.  AmericaHomeKey
argues that moving the case to Florida will unduly delay resolution by
requiring the case to be re-filed in Florida.  With the exception of the delay
factor, the public interest factors do not weigh in favor of either forum.  

Conclusion

Having reviewed the record of the hearing in the
trial court and the appropriate factors, we cannot conclude the trial court’s
ruling was arbitrary, unreasonable or without reference to guiding principles. 
The balance of factors is not weighed so heavily in favor of the defendant that
the court should disturb the plaintiff’s choice of forum.  Old Republic has not
established entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny the petition for writ of mandamus.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson, Frost, and Brown.

 









[1]
As applied to tort matters, these factors have been codified in section 71.051
of the Texas Civil Practice and Remedies Code.  Because this suit involves a
contract dispute, we apply the common-law forum non conveniens factors.