

# NUMBER 13-12-00624-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN RE FORD MOTOR COMPANY AND MICHELIN NORTH AMERICA, INC., INDIVIDUALLY AND AS SUCCESSOR TO MICHELIN AMERICAS RESEARCH AND DEVELOPMENT CORPORATION

---

## On Petition for Writ of Mandamus.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Rodriguez[1]

Relators, Ford Motor Company and Michelin North America, Inc., individually and as successor to Michelin Americas Research and Development Corporation, filed a petition for writ of mandamus contending that the trial court abused its discretion in denying their forum non conveniens motions seeking to dismiss this product liability and wrongful death case brought by the real parties in interest:  Juan Tueme Mendez; the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Estate of Cesar Mendez Tueme, by and through Yuri Tueme, as duly appointed administrator; Yuri Tueme, Yadira N. Tueme Tijerina, and Maria de Refugio Mendez Castillo, individually and as wrongful death beneficiaries of Cesar Mendez Tueme, deceased; and Melva L. Uranga, as the next friend and natural guardian of J.T., a minor. We deny the petition for writ of mandamus.

## I. BACKGROUND

This case arises from an automobile accident occurring in Mexico. Plaintiff Juan Tueme Mendez was driving a Ford Explorer, and Cesar Mendez Tueme, his brother, was a passenger in that vehicle. One of the tires, a BF Goodrich, failed, and the Ford Explorer crashed causing personal injuries to Juan Tueme Mendez and the death of Cesar Mendez Tueme.

Juan Tueme Mendez filed suit in Hidalgo County, Texas against the estate of Cesar Mendez Tueme on the ground that Cesar Mendez Tueme handled the care and maintenance of the auto and tire. Juan Tueme Mendez was a resident of Mexico with a visitor visa and a border crossing card. The estate of Cesar Mendez Tueme was being administered in Hidalgo County, Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.031 (West 2002) (providing for venue in suit to establish a money demand on an estate). Relators contend that Cesar Mendez Tueme was a resident of Mexico with a visitor visa and a border crossing card, but deposition testimony indicated that Cesar Mendez Tueme resided in Hidalgo County, Texas for two years prior to the accident at issue in this lawsuit, while maintaining a secondary residence in Reynosa, Tamaulipas, Mexico at his mother's home.

Yuri Tueme, Cesar Mendez Tueme's daughter and the administrator of his estate, answered the lawsuit and filed a third party action, entitled "Defendant's/Third Party Plaintiff's Original Third Party Petition," against Ford and Michelin. Yuri Tueme is a resident of Texas.

Yuri Tueme, Yadira N. Tueme Tijerina, and Maria de Refugio Mendez Castillo, individually and as wrongful death beneficiaries of Cesar Mendez Tueme, filed an "Original Petition in Intervention" as "plaintiffs-intervenors" against Ford and Michelin.

Juan Tueme Mendez amended his petition to sue Ford and Michelin.

J.T., a minor child of Cesar Mendez Tueme, intervened in the lawsuit by her next friend and mother, Melva L. Uranga, bringing wrongful death claims against Ford and Michelin. J.T. is a United States citizen and a legal resident of Texas, as is Uranga.

Relators filed several motions to dismiss the claims against them under the doctrine of forum non conveniens. Uranga, on behalf of her minor daughter, filed a response to the motions to dismiss and a motion for sanctions. The parties engaged in discovery on evidentiary issues pertinent to a forum non conveniens analysis. Following discovery, relators filed a joint supplemental motion to dismiss and a reply to Uranga's response, and Uranga filed a brief in support of her response to the motions to dismiss.

Following a hearing, the trial court denied the motions to dismiss. This original proceeding ensued. The Court requested and received a response to the petition for writ of mandamus from the real parties in interest and further received a reply thereto from relators.

By two issues, relators contend that (1) the trial court clearly abused its discretion in denying relators' motions to dismiss based on forum non conveniens, and (2) they lack an adequate remedy by appeal. In response, real parties in interest assert that the trial court correctly denied the motions to dismiss because one or more of the plaintiffs are legal residents of Texas and the civil practice and remedies code prohibits dismissal on forum non conveniens grounds when the plaintiff is a legal resident of Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b), (e) (West 2008). Relators and real parties in interest disagree regarding application of the factors that a trial court must consider when ruling on a motion to dismiss for forum non conveniens.

## II. STANDARD OF REVIEW

Mandamus is an "extraordinary" remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding); *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). To obtain mandamus relief, the relator must show that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *see In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

We review a trial court's refusal to dismiss on forum non conveniens grounds for abuse of discretion. *In re Ensco Offshore Int'l Co.*, 311 S.W.3d 921, 923–24 (Tex.

4

2010) (orig. proceeding); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007) (orig. proceeding). An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief is available, if it is otherwise warranted. *In re Ensco Offshore Int'l Co.*, 311 S.W.3d at 923–24; *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding).

### III. FORUM NON CONVENIENS

Texas Civil Practice and Remedies Code section 71.051 governs motions to dismiss for forum non conveniens in all actions for personal injury or wrongful death. *See In re Pirelli Tire*, 247 S.W.3d at 674. Section 71.051(b) provides:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

5

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b); *see In re Ensco Offshore Int'l Co.*, 311 S.W.3d at 923–24. The word "shall" in the statute "requires dismissal of the claim or action if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas." *In re Gen. Elec. Co.*, 271 S.W.3d at 686.

Section 71.051 does not require that the movant prove every statutory factor or that every factor must weigh in favor of dismissal for the movant to be entitled to relief. *See id.* at 687. The doctrine of forum non conveniens affords great deference to the plaintiff's choice of forum. *In re Pirelli Tire*, 247 S.W.3d at 675. However, the doctrine "generally affords substantially less deference to a nonresident's forum choice." *Id.*; *see also Quixtar, Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (per curiam) (holding same in common-law forum non conveniens context and noting fact "that a plaintiff is not a Texas resident speaks directly to a defendant's burden" in establishing propriety of dismissal).

Under subsection (e) of section 71.051, however, the "court may not stay or dismiss a plaintiff's claim under subsection (b) if the plaintiff is a legal resident of this state." TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(e). If an action involves some plaintiffs who are legal residents of this state and some plaintiffs who are not, "the court may not stay or dismiss the action under [s]ubsection (b) if the plaintiffs who are legal residents of this state are properly joined in the action and the action arose out of a single occurrence." *Id.* If the court finds by a preponderance of the evidence that a party was joined solely for the purpose of obtaining or maintaining jurisdiction in this state and the party's claim would be more properly heard in a forum outside this state,

6

the court shall dismiss the claim. *Id.* The term "plaintiff" is specifically defined by this statute:

> "Plaintiff" means a party seeking recovery of damages for personal injury or wrongful death. In a cause of action in which a party seeks recovery of damages for personal injury to or the wrongful death of another person, "plaintiff" includes both that other person and the party seeking such recovery. The term does not include a counterclaimant, cross-claimant, or third-party plaintiff or a person who is assigned a cause of action for personal injury, or who accepts an appointment as a personal representative in a wrongful death action, in bad faith for purposes of affecting in any way the application of this section.

*Id.* § 71.051(h)(2).

## IV. TEXAS RESIDENTS

We first address real parties' argument that the trial court was required to deny the motions to dismiss because one or more of the plaintiffs were Texas residents, and the statutory exception in section 71.051(e) applies to this case. Relators contend that the exception in section 71.051(e) does not apply because there is only one "plaintiff" in this case, Juan Tueme Mendez, who is a Mexican resident. Relators contend that all other parties to this case are "third party plaintiffs" who are excluded from the statutory definition of a plaintiff. Relators contend, in the alternative, that even if third party plaintiffs fell within the definition of "plaintiff" under the statute, the exception would still not apply because the definition of "plaintiff" treats the decedent and wrongful death beneficiaries as a single plaintiff and the residence of the decedent controls for purposes of the Texas-resident exception. Relators thus conclude that even if the individuals acting on behalf of Cesar are "plaintiffs," Cesar Mendez Tueme was not a legal resident of Texas at the time of his death, his residence in Mexico controls, and accordingly, the statutory exception is inapplicable.

7

Relators' interpretation of the statute rests on their theory that the statute's plain language defines a decedent and wrongful death beneficiaries as a single "plaintiff." *See id.* ("In a cause of action in which a party seeks recovery of damages for personal injury to or the wrongful death of another person, "plaintiff" includes both that other person and the party seeking such recovery."). Relators contend that if we were to construe the statute otherwise, so as to treat the decedent and each wrongful death beneficiary as separate plaintiffs in accordance with the real parties' construction, it would render the definition of "plaintiff" superfluous insofar as it includes "both that other person and the party seeking such recovery."

The interpretation of section 71.051 is a matter of statutory construction, a legal question we review de novo. *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 177 (Tex. 2012); *Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 663 (Tex. 2010); *see also MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). In construing a statute, our goal is to determine and give effect to the Legislature's intent, and we begin with the plain and common meaning of the statute's words. *Tex. W. Oaks Hosp., LP*, 371 S.W.3d at 177. When construing a statute, words and phrases are read in context and construed according to the rules of grammar and common usage. TEX. GOV'T CODE ANN. § 311.011(a) (West 2005). Words that are not defined are given their ordinary meaning unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). When possible, the Legislature's intent is drawn from the plain meaning of the words chosen, giving effect to all words so that none of the statute's language is treated as surplusage. *Marks*, 319 S.W.3d at 663; *see State v.*

8

*Shumake*, 199 S.W.3d 279, 284 (Tex. 2006); *Cont'l Cas. Ins. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 402 (Tex. 2000). Our ultimate goal, however, is to understand the Legislature's intent and apply that intent according to the statute's purpose. TEX. GOV'T CODE ANN. § 312.005; *see Marks*, 319 S.W.3d at 663.

As an initial matter, the term "third party plaintiff" does not encompass all of those plaintiffs, other than Juan Tueme Mendez, bringing claims against relators. A third party plaintiff is a defendant who files a pleading in an effort to bring a third party into the lawsuit. *See* TEX. R. CIV. P. 38(a); BLACK'S LAW DICTIONARY 1273 (9th ed. 2009); *see also J.M.K. 6, Inc. v. Gregg & Gregg, P.C.*, 192 S.W.3d 189, 202 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (concerning the definition of third party practice in the context of statutory limitations); *Omega Constr., Inc. v. Torres*, 191 S.W.3d 828, 837 (Tex. App.—Fort Worth 2006, no pet.) (concerning the definition of a third party plaintiff in the context of comparative responsibility statutes). Yuri Tueme is the only individual in this case fitting that description. Accordingly, we reject relators' contention that the plaintiffs herein are third-party plaintiffs to whom the statutory exception is inapplicable.

We also disagree with relators' interpretation of the definition of "plaintiff" as treating the decedent and wrongful death beneficiaries as a single plaintiff and providing that the residence of the decedent controls for purposes of the Texas-resident exception. In fact, the plain language of the statute compels the exact opposite result. The statute expansively defines "plaintiff" as both the party seeking recovery of damages for personal injury or wrongful death of another person *and* that other person. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(h)(2) (emphasis added); *see In re Bridgestone Ams. Tire Operations, LLC*, No. 09-12-00332-CV, 2012 Tex. App. LEXIS

9054, at *16 (Tex. App.—Beaumont Nov. 1, 2012, orig. proceeding) (stating that under section 71.051(h)(2), it is "clear that the term 'plaintiff' was intended by the Legislature to include a next friend who did not accept the appointment of next friend in bad faith"). Accordingly, this case includes plaintiffs who are legal residents of this State.

### V. CONCLUSION

Under section 71.051(e) of the civil practice and remedies code, the trial court could not dismiss a plaintiff's claim if the plaintiff is a legal resident of this state. TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(e). After determining that J.T. and Melva Uranga are Texas residents and concluding that they are properly joined in this matter, the trial court complied with the provisions of section 71.051(e) by denying relators' motion to dismiss. Having so determined, we need not reach the parties' remaining arguments regarding application of the forum non conveniens factors under section 71.051(b) to the facts of this case. See TEX. R. APP. P. 47.1, 47.4.

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the reply, is of the opinion that relators' petition for writ of mandamus should be and is denied. The motion for temporary relief filed by Ford Motor Company is likewise denied.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 20th
day of November, 2012.

10