# Supreme Court of Texas

====

No. 22-1014

====

In re Weatherford International, LLC and
Weatherford Services, Ltd.,

*Relators*

====

On Petition for Writ of Mandamus

====

**PER CURIAM**

This mandamus petition challenges a trial court's denial of a motion to dismiss claims of wrongful death based on statutory forum non conveniens. The claims concern whether a Texas-based company failed to disclose the concerning results of an Egyptian medical examination to its employee, a U.K. citizen domiciled in South Africa who had been seconded to the company's Egyptian affiliate. We hold the trial court clearly abused its discretion by failing to dismiss the claims on forum non conveniens grounds and conditionally grant relief.

## I

The following facts are drawn from evidence submitted by the parties in connection with the motion to dismiss, which we view in the

light most favorable to the trial court's ruling.[1]  Relator Weatherford International, LLC, is headquartered in Houston, and relator Weatherford Services, Ltd., is a related Bermuda company operating from Houston.  Because distinguishing between these companies is not necessary to our forum non conveniens analysis, we refer to them collectively as Weatherford Houston.

Kevin Milne was an employee of Weatherford Services.  In September 2018, Milne accepted an international assignment to work for Weatherford Services S. de R.L., another related company formed under Panamanian law but operating from Egypt.  We refer to this company as Weatherford Egypt.  Weatherford Services paid Milne, retained taxes, and administered his benefits during the assignment.

According to Weatherford Houston's policy regarding long-term international assignments, all employees of all Weatherford entities who are seconded to an overseas affiliate must undergo a medical examination once before beginning an international assignment and again every two years while on that assignment.  Milne underwent two medical examinations.  In October 2018, prior to his relocation, Milne needed medical clearance to visit offshore rigs in Egypt and Tunisia.  Employees of Weatherford Egypt facilitated a medical exam for him at the Degla Medical Center in Egypt.  In November, International SOS conducted the second exam in South Africa.  The International SOS exam provided the clearance required by Weatherford Houston's policy.

---

[1] *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010); *Kirkpatrick v. Custom Tuning Team Inc.*, No. 03-22-00093-CV, 2024 WL 79890, at *3 (Tex. App.—Austin Jan. 5, 2024, no pet.).

Degla's exam revealed that Milne had a renal mass around his left kidney, and its certificate recommended further assessment of the mass. Weatherford Houston contends that Degla did not transmit this certificate to Weatherford Egypt because the rig visits were canceled. International SOS's exam report did not mention a renal mass, although it indicated that Milne's uric acid levels were outside the normal range.

Milne was not informed of Degla's findings until a year later, when he requested a copy of his Degla medical certificate from Weatherford Egypt. Further investigation revealed that the renal mass was a tumor, and Milne died after unsuccessful medical intervention to remove it.

The underlying suit began as a dispute over entitlement to Milne's life-insurance proceeds. Weatherford Houston filed a petition for interpleader in district court in Houston and paid the proceeds into the court's registry. Milne's widow, a South African citizen, filed a supplemental petition asserting claims for wrongful death against Weatherford Houston. She sought actual damages for negligence regarding Weatherford Houston's failure to inform Milne of his renal mass and its alleged policies "prevent[ing] the clinics from sharing information with the employees." Milne's children, who are Scottish citizens, intervened and asserted similar claims.

Weatherford Houston moved to dismiss the claims for wrongful death based on forum non conveniens, asserting that those claims have no meaningful connection to Texas. Following limited discovery, the Milnes responded that Weatherford Houston had a duty to implement a global policy ensuring that employees timely receive medical reports

from work-related medical exams. The trial court denied Weatherford Houston's motion.

Weatherford Houston filed a petition for writ of mandamus in the court of appeals, which was denied without substantive explanation. ___ S.W.3d ___, 2022 WL 7180370 (Tex. App.—Houston [1st Dist.] Oct. 13, 2022). Weatherford Houston now seeks mandamus relief in this Court, asserting that the trial court abused its discretion because the forum non conveniens statute requires dismissal.

## II

Because there is no adequate remedy by appeal when a motion to dismiss for forum non conveniens is erroneously denied, mandamus relief is available if the trial court clearly abused its discretion in denying the motion. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008); *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007). "As a general rule, the forum non conveniens decision is committed to the trial court's sound discretion and may be set aside only for a clear abuse of discretion." *In re Mahindra USA, Inc.*, 549 S.W.3d 541, 545 (Tex. 2018).

Texas recognizes two types of forum non conveniens analysis. Statutory forum non conveniens "applies to actions for personal injury or wrongful death." TEX. CIV. PRAC. & REM. CODE § 71.051(i). Common-law forum non conveniens applies in all other types of actions. *Mahindra*, 549 S.W.3d at 544; *Alvarez Gottwald v. Dominguez de Cano*, 568 S.W.3d 241, 246 (Tex. App.—El Paso 2019, no pet.). We apply the statute to these claims for wrongful death.

The statute provides that trial courts "shall consider" six factors to determine whether dismissal for forum non conveniens would be "in

4

the interest of justice and for the convenience of the parties." TEX. CIV. PRAC. & REM. CODE § 71.051(b). Those factors are whether:

> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

*Id.*

Because the statute uses the word "shall," it "requires dismissal of the claim or action if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas." *Gen. Elec. Co.*, 271 S.W.3d at 686. No single factor is dispositive. *See Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 34 (Tex. 2010) ("If 'central emphasis were placed on any one factor, the forum non conveniens doctrine would lose much of the flexibility that makes it so valuable.'" (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981))). When all factors weigh in favor of a claim being heard in a forum outside Texas, the trial court clearly abuses its discretion by

5

denying a motion to dismiss on forum non conveniens grounds. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 929 (Tex. 2010). We address each statutory factor in turn.

First, an alternate forum exists "where the defendant is amenable to process." *Id.* at 924. Because the Milnes agree that Weatherford Houston is amenable to process in Egypt, this factor weighs in favor of dismissal.

Second, the alternate forum provides an adequate remedy if "the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Pirelli Tire*, 247 S.W.3d at 678 (quoting *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003)). Just because a forum has lesser remedies does not render it inadequate under this factor; a forum will only be considered inadequate if "the remedies it offers are so unsatisfactory they really comprise no remedy at all." *In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 732 (Tex. 2016).

The Milnes rely on a declaration by Amad Rashed, an Egyptian attorney whose practice involves tort law, to argue that factor two weighs in favor of trying the claims for wrongful death in Texas. Rashed asserts "the amounts [of damages] granted by the Egyptian courts are effectively *de minimus* for non-Egyptian parties due to the low value of the Egyptian pound in exchange of the [U.S. dollar]." But our "primary consideration is whether the alternate forum entitles [plaintiffs] to a remedy for their losses, even if compensation for their injuries is less than what may be awarded in a Texas court." *Gomez de Hernandez v. Bridgestone/Firestone N. Am. Tire, L.L.C.*, 204 S.W.3d 473, 483 (Tex.

6

App.—Corpus Christi–Edinburg 2006, pet. denied); *see Pirelli Tire*, 247 S.W.3d at 678 (concluding adequate remedy existed even though foreign law "severely restrict[ed]" certain damages). Although Egyptian damages may be less due to the exchange rate, Weatherford Houston presented evidence that Egyptian courts recognize tort claims for wrongful death and provide heirs a variety of remedies, including direct damages for the decedent's medical expenses and lost earnings as well as damages for suffering by spouses and children. The second factor weighs in favor of dismissal.

Third, we consider the defendant's private interests to determine whether litigating in Texas would result in substantial injustice. *Gen. Elec. Co.*, 271 S.W.3d at 689. Trial courts should consider "the location of relevant documents and evidence and whether a majority of witnesses may be reached by compulsory process in Texas." *In re Mantle Oil & Gas, LLC*, 426 S.W.3d 182, 192 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding). And even if a defendant can "seek indemnity or contribution from a foreign party after being found liable," substantial injustice may still occur if it "would be far more convenient . . . to resolve all claims in one trial." *ENSCO Offshore Int'l Co.*, 311 S.W.3d at 925 (quoting *Piper Aircraft Co.*, 454 U.S. at 259).

Weatherford Houston and the Milnes disagree on who the relevant witnesses are. The Milnes argue that Weatherford Houston's corporate officers, who reside in Texas, are the key witnesses because they created the long-term international assignment policy, which imposed a duty on Weatherford Houston to inform all employees—abroad or at home—of medical conditions discovered through any work-

related medical examination. Weatherford Houston responds that it has no global policy directing Weatherford Egypt on how to handle employee medical information obtained through examinations conducted for clearances to visit offshore rig sites.

We agree with Weatherford Houston. By its plain terms, Weatherford Houston's long-term international assignment policy requires employees of all Weatherford entities to undergo a medical examination once before commencing an international assignment and again every two years while on international assignment. The policy says nothing about other work-related medical examinations like the one Milne underwent at Degla for clearance to visit an offshore rig site.

Further, the record suggests Weatherford Egypt has its own local policies governing general medical examinations. The key witnesses are therefore Weatherford Egypt's local officers or employees who wrote or carried out those policies, and the Milnes seek to hold Weatherford Houston vicariously liable for their acts and omissions. In addition, Weatherford Houston contends that other foreign parties are potentially responsible for the Milnes' damages, including the Egyptian doctor who examined Milne, the clinic that established policies regarding communication of exam results, and the employees responsible for carrying out those policies. All the Weatherford Egypt and clinic parties, who reside in Egypt, are beyond the compulsory subpoena power of a trial court in Texas. *See* TEX. R. CIV. P. 176.3(a). And it would be far more convenient to determine the responsibility of all foreign parties in one trial. Accordingly, the third factor weighs in favor of dismissal.

8

Fourth, we consider whether the alternate forum "has jurisdiction over all the parties and the whole case, or if there is evidence that all defendants are amenable to process or have consented to process in the alternate forum." *Alvarez Gottwald*, 568 S.W.3d at 249. The Milnes do not dispute that Egyptian courts have jurisdiction over the claims for wrongful death, and Weatherford Houston has consented to jurisdiction in Egypt. As there is no jurisdictional difficulty here, the fourth factor weighs in favor of dismissal.

Fifth, courts "take all relevant factors into consideration with regard to the public and private interest factors." *Gen. Elec. Co.*, 271 S.W.3d at 692. The private interests of the parties are those considered under factor three as well as "ease of access to proof, the availability and cost of compulsory process, . . . and other practical problems that make trial easy, expeditious, and inexpensive." *Id.* at 691. The public interest of the state includes "administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case." *Id.*

Beginning with the private-interest factors, we have already concluded under factor three that the significant witnesses and documentary evidence relating to Weatherford Egypt's policies and other potentially responsible parties are located in Egypt and beyond the compulsory power of Texas courts. The Milnes point out that Weatherford Houston has unrestrained access to proof located in Egypt because those documents are not "outside the hands of Weatherford or

9

some Weatherford-controlled subsidiary or contractor." We disagree. "Texas law presumes that two separate corporations are indeed distinct entities," *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 798 (Tex. 2002), so without evidence to the contrary, we cannot presume Weatherford Egypt is controlled by Weatherford Houston. Additionally, we have observed that "a promise to produce some or even most evidence does not cure the logistical problems created by lack of effective compulsory process for trial." *Gen. Elec. Co.*, 271 S.W.3d at 691. The private-interest factors therefore weigh in favor of dismissal.

The public-interest factors also favor dismissal. Both parties refer to court congestion caused by the Covid-19 pandemic. Because courts around the world have experienced such docket congestion, this consideration does not support dismissal. The Milnes next assert that because the long-term international assignment policy was created by Weatherford Houston, Texans should bear the burden of jury duty. But as we have explained, Weatherford Egypt's local policies and practices controlled how Milne's medical information should have been handled, so Egyptian citizens have a greater interest in this litigation than Texans.

Another public-interest consideration is what law governs the case. The Restatement's "most significant relationship" test directs this analysis. *Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000). Factors to consider include "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the residence, nationality, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is

10

centered." *ENSCO Offshore Int'l Co.*, 311 S.W.3d at 928. All factors but the third point to Egypt as the country whose law should apply as the failure to disclose Milne's condition occurred in Egypt and arose from work to be performed in Egypt, and the third factor does not uniformly favor Texas. Thus, we conclude the balance of private and public interests predominates in favor of dismissal.

Sixth, in deciding whether dismissal would result in unreasonable duplication or proliferation of litigation, we note that the life-insurance interpleader action Weatherford Houston initiated in Texas is unrelated to the Milnes' claims for wrongful death. Thus, dismissal of the latter claims would not result in duplicative litigation on the life-insurance issues. And as discussed above, dismissal of the Milnes' claims in Texas would allow them to bring claims for wrongful death against Weatherford Houston as well as all potentially responsible Egyptian persons and entities in a single Egyptian proceeding.

Although the Milnes have not filed any claims for wrongful death in Egypt, they recognize their ability to do so. They also acknowledge that such claims could be brought in their home countries of South Africa and Scotland. Regardless of whether the Milnes' claims are maintained in Texas or dismissed, the extent of duplicative litigation lies in their hands. *See Gen. Elec. Co.*, 271 S.W.3d at 693. Maintaining the claims in Texas still leaves three additional forums open for the Milnes to file suit—one of which they have explicitly reserved the right to sue in. Dismissal narrows the forums to only three—Egypt, South Africa, and Scotland. Because dismissal will not be the cause of any

11

unreasonably duplicative litigation, the sixth factor weighs in favor of dismissal.

For these reasons, we conclude that all statutory factors weigh in favor of the Milnes' claims for wrongful death being heard in a forum outside Texas, and the trial court clearly abused its discretion in denying Weatherford Houston's motion to dismiss those claims. *See ENSCO Offshore Int'l Co.*, 311 S.W.3d at 929. Accordingly, without hearing oral argument, we conditionally grant the petition for writ of mandamus and direct the trial court to dismiss the claims for wrongful death against Weatherford Houston based on forum non conveniens. TEX. R. APP. P. 52.8(c). The writ will issue only if the trial court fails to do so.

**OPINION DELIVERED:** April 26, 2024