**Wanda McKINNIS and Samuel Williams, Appellants,**

v.

**Jimmie Hammonds KELLY, Appellee.**

**No. 69,214.**

Court of Appeals of Oklahoma, Division No. III.

May 2, 1989.

James O. Braly, Durant, for appellants.

D. Craig Shew, Smith, Shew & Scrivner, P.C., Ada, for appellee.

## MEMORANDUM OPINION

BAILEY, Judge:

Upon consideration of the briefs, exhibits and record in the above styled matter, the Court FINDS that:

1. Appellants, residents of Oklahoma, seek review of the Trial Court's order dismissing Appellants' negligence action. Appellants filed suit in Bryan County District Court against Appellee, a Texas resident, to recover damages arising out of an automobile accident. The accident occurred in Bryan County. Upon service of summons, Appellee filed his "Special Appearance, Motion to Quash, Plea to Jurisdiction, and Objection to Venue," generally averring lack of subject matter and in personam jurisdiction and improper venue. On July 7, 1987, the Trial Court entered its order "sustaining" Appellee's "Motion to Quash, Objection to Venue." Appellants timely perfected this appeal.

2. On appeal, Appellants sole allegation of error asserts that the District Court of Bryan County has personal jurisdiction over Appellee, and that venue is proper in Bryan County under 12 O.S. 1987 Supp. § 187.

3. "[A] court of this state may exercise jurisdiction on any basis consistent with the constitution of this state and the constitution of the United States." 12 O.S. 1987 Supp. § 2004(F). "[T]he test for exercising long-arm jurisdiction in Oklahoma is to determine first whether the exercise of jurisdiction is authorized by statutes and, if so, whether such exercise of jurisdiction is consistent with constitutional requirements of due process." *Yarbrough v. Bunker & Assoc.*, 669 F.2d 614, 616 (10th Cir.1982) (decided under 12 O.S. 1701.03, repealed 1984). Ultimately, the non-resident defendant must have "minimum contacts" with the forum state, "such that he should reasonably anticipate being held into court there." *World–Wide Volkswagen Corp. v.*

*Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

4. We find that the operation of a motor vehicle by a non-resident motorist on the roads and highways of this state, when combined with an act or omission in this state in the operation of that motor vehicle that causes injury to another, is a sufficient "minimum contact" with the State of Oklahoma so as to vest jurisdiction over a non-resident motorist in the District Courts of this state. That is to say that a non-resident motorist involved in an automobile accident in Oklahoma "should reasonably anticipate being held into court [in Oklahoma.]" *World–Wide Volkswagen Corp.,* supra. To hold otherwise, in our opinion, erects an artificial barrier to the prosecution of actions which clearly arise in this jurisdiction, and as such is totally repugnant to traditional notions of due process. We therefore hold that the Trial Court erred in dismissing Appellants' action for lack of personal jurisdiction over Appellee.

The order of the Trial Court is therefore REVERSED and the cause REMANDED for further proceedings.

GARRETT, P.J., and REYNOLDS, J., concur.