



## OPINION

No. 04-10-00724-CV

Denise **SCHIPPERS** and Sharon Cox-Estep,
Appellants

v.

**MAZAK PROPERTIES, INC.**; Estate of Paul M. Mazak II; Reba Y. Mazak, as Personal
Representative of the Estate of Paul M. Mazak II, Deceased,
Appellees

From the 229th Judicial District Court, Duval County, Texas
Trial Court No. DC-10-25
Honorable Alex William Gabert, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:        Karen Angelini, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 13, 2011

AFFIRMED

Appellants Denise Schippers and Sharon Cox-Estep filed a wrongful death suit in Duval

County.  Appellees Reba Mazak ("Reba") and Mazak Properties, Inc. ("Mazak Inc.") filed

special appearances.  Appellees subsequently filed a joint motion to dismiss based on forum non

conveniens.  The trial court granted Reba's special appearance and granted the joint motion to

dismiss.

On appeal, appellants contend the trial court erred: (1) in granting Reba's special appearance; (2) in granting the joint motion to dismiss based on forum non conveniens; (3) in its findings of fact and conclusions of law; and (4) in failing to grant appellants' motion to strike Reba's affidavits. We affirm.

## BACKGROUND

Paul and Reba Mazak owned Mazak Inc. The Mazaks were Florida residents. Paul took some friends, including Richard and Shane Schippers, hunting on a ranch in South Texas. The ranch was purchased by Paul and Reba, but owned by Mazak Inc. Paul flew the party from Florida in a plane purchased in Texas and owned by Mazak Inc. Shortly after take-off from the Uvalde, Texas airport, on the return trip to Florida, the plane crashed near Benavides, Texas. Sadly, everyone on board was killed.

Denise Schippers is Richard's daughter and Shane's sister. Sharon Cox-Estep is Richard's ex-wife and Shane's mother. They filed a wrongful death suit in Duval County against Mazak Inc., the Estate of Paul Mazak, and Reba, as personal representative for the Estate.

Mazak Inc. and Reba filed individual special appearances and, as noted above, Mazak Inc. and Reba also filed a joint motion to dismiss based on forum non conveniens. In that motion, they argued Texas was not a convenient forum because: (1) all parties, including appellants and Reba, were residents of Florida; (2) Mazak Inc. was a Florida corporation; (3) Florida was the more appropriate forum because maintaining suit in Texas would work a substantial injustice on Mazak Inc. and Reba as they were Florida residents and did not maintain residences or places of business in Texas; (4) access to proof would be easier in Florida than in Texas; and (5) the private and public interests would be better served if the case were heard in Florida.

The trial court granted Mazak Inc. and Reba's motion to dismiss, and granted Reba's special appearance. The trial court then entered findings of fact and conclusions of law. Among other things, the trial court found:

- all parties, including the deceased, resided in Florida at the time of the accident;

- the estates for the three decedents were being administered in Florida;

- the appellants' relationships with the decedents centered in, and stemmed from, their contacts in Florida;

- witnesses with knowledge of these relationships were in Florida; and

- witnesses necessary to prove and defend against the allegations were in Florida.

Appellants then perfected this appeal.

### FORUM NON CONVENIENS

#### *Addressing Forum Non Conveniens as to Reba*

We recognize courts must generally address issues of jurisdiction, e.g., special appearances, before other issues. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). However, the United States Supreme Court created an exception for certain non-merits, non-jurisdictional issues, including forum non conveniens. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). In *Sinochem Int'l*, the Court explained forum non conveniens is a non-merits basis for dismissal because it is a determination that the merits of the claims should be decided elsewhere, rather than a decision regarding the substantive law. *Id.* at 433. It saves the parties and court system delay and expense. *Id*. at 432. The Court reasoned that because forum non conveniens is a non-merits basis for dismissal, it may be disposed of before subject matter jurisdiction. *Id.* Before the decision in *Sinochem Int'l*,

the Texas Supreme Court held a trial court shall not consider forum non conveniens "until and unless the personal jurisdiction-due process determination is complete." *Dow Chemical Co. v. Castro Alfaro*, 786 S.W.2d 674 n. 8 (Tex. 1990); *see also Antonio v. Marino*, 910 S.W.2d 624, 629-30 (Tex. App.—Houston [14th Dist.] 1995, no pet.). However, in light of the decision in *Sinochem Int'l*, we address the forum non conveniens issue as to Reba, because it is a determination that the merits of the claims should be decided elsewhere, rather than a determination regarding substantive law. 549 U.S. at 432. Forum non conveniens is dispositive, without having to first consider Reba's special appearance. Thus, it saves the parties and court system delay and expense.

Our holding is in line with the decision of the First Court of Appeals in *Vinmar Trade*, which was decided subsequent to *Sinochem Int'l. Vinmar Trade Fin., LTD v. Util. Trailers De Mexico, S.A. de C.V.*, 336 S.W.3d 664 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In that case, as here, the plaintiff complained of both of the trial court's orders granting a special appearance and a motion to dismiss based on forum non conveniens. *Id.* at 671. The First Court of Appeals held "judicial economy is best served by addressing the forum non conveniens issue first because it pertains to the dismissal of [plaintiff's] claims against [defendants]." *Id.* at 672. The court relied on the reasoning in *Sinochem Int'l* to reach its conclusion.

Based on the reasoning in *Sinochem Int'l*, we hold it is proper to address the trial court's order granting the motion to dismiss based on forum non conveniens before we address its order granting Reba's special appearance.

### *Standard of Review*

A trial court's ruling on a motion to dismiss for forum non conveniens is reviewed for an abuse of discretion. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). A trial court abuses

its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *Id.* As long as the trial court considered all of the relevant factors, which we list below, and reasonably balanced these factors, "its decision deserves substantial deference." *Vinmar Trade*, 336 S.W.3d at 673 (quoting *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010)). As the reviewing court, we do not re-weigh the factors, but only ensure the trial court acted within its sound discretion when it determined that dismissal was appropriate. *See id.* at 676.

When considering whether to grant a motion to dismiss based on forum non conveniens, the trial court "shall" consider whether:

> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b) (West 2008). It is not incumbent upon the nonresident defendant to prove each of the preceding six factors because the trial court is only required to consider a certain factor if evidence is presented with regard to that factor. *See In re Gen. Elec. Co.*, 271 S.W.3d at 687. The Legislature's use of the word "shall" "requires dismissal

of the claim or action if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas." *Id.* at 686. Although the nonresident defendant must carry this heavy burden, a plaintiff's choice of forum is not dispositive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 n. 23 (1981).

Forum non conveniens comes into play when the nonresident defendant has no significant connection to Texas. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506 (1947). Forum non conveniens is an equitable doctrine that may be exercised to prevent the imposition of an inconvenient jurisdiction on a nonresident defendant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 (Tex. 1994).

### *Analysis*

Appellants contend the trial court abused its discretion in granting appellees' motion to dismiss based on forum non conveniens because the factors weigh in favor of jurisdiction in Texas. In its Findings of Fact and Conclusions of Law, the trial court claimed it considered all of the statutory factors when making its decision. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b). We review the trial court's decision by considering all of the statutory factors.

### 1. *Does an alternate forum exist?*

An alternate forum exists where the defendants are amenable to process. *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 924 (Tex. 2010). Reba is a resident of Florida and Mazak Inc. is incorporated in Florida. Reba and Mazak, Inc. are both amenable to process in Florida. *See Weiler v. Weiler*, 861 So.2d 472, 477 n. 10 (Fla. Dist. Ct. App. 2003).

### 2. *Does the alternate forum provide an adequate remedy?*

"A forum is inadequate if the remedies it offers are so unsatisfactory they really comprise no remedy at all." *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d at 924. The court does not need

to perform a comparative law analysis, *see In re Gen. Elec.*, 271 S.W.3d at 688-89, and we hold the trial court did not err in finding Florida would provide an adequate remedy for appellants because the estate is being administered in Florida, and there have been other wrongful death suits filed against the estate in Florida.

### 3. *Does maintenance of the claim in Texas work a substantial injustice on the moving party?*

Appellants argue that because appellees own a ranch near Uvalde, it would not be a burden for them to defend the suit in Texas. Appellees argue it would work a substantial injustice on them to litigate elsewhere because the location of the witnesses and the cost associated with litigating in Texas are great. However, as appellees point out, to prove damages for wrongful death, appellants must produce evidence of their relationships with the decedents. "All wrongful death actions are predicated on the proposition that a wrongful death necessarily destroys any pre-existing family relationship." *Moore v. Lillebo*, 722 S.W.2d 683, 685 (Tex. 1986); *see also Mo.-Kan.-Tex. R. Co. v. Pierce*, 519 S.W.2d 157, 159 (Tex. App.—Austin 1975, writ ref'd n.r.e.) (explaining that parent may show "the character of the deceased and his affection and disposition toward his parent," and "proportion of his future earnings that he would have probably contributed to the parent.").

For appellants to prove the nature of their relationships with their father and son, witnesses are needed to testify about these relationships. One potential witness, Heidi Schippers, Shane's widow, filed an affidavit stating she had personal knowledge of Shane's family relationships, had filed claims against the Estate of Paul Mazak in Florida because his estate is being administered there, and that it would be an extreme burden for her to travel to Texas, with two small children, to testify. If Florida witnesses are unwilling to testify, they cannot be subpoenaed in Texas. *See* TEX. R. CIV. P. 176.3 (forbidding party from compelling witness to

appear in county if that county is more than 150 miles from where witness lives). Thus, appellees contend the suit would be more properly maintained in Florida.

On the other hand, appellants argue that because investigating law enforcement, other non-party witnesses, and the plane wreckage are in Texas, it would be a substantial injustice if the forum is Florida. In a wrongful death action, a plaintiff must show (1) wrongful or negligent conduct of the defendant, and (2) the proximate cause resulting in death. *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 178 (Tex. App.—Houston [14th Dist.] 1994, writ denied). The crash was investigated by the National Transportation Safety Board (the "NTSB"). Appellants state that the accident investigators and witnesses would be subject to a subpoena to testify because they are within the 150 mile range in Texas, but are not within subpoena range if the case proceeds in Florida.

Even if true, the 150 mile requirement is obsolete because federal agency employees may not be forced to comply with a state court subpoena if a valid regulation requires them not to comply. *Boron Oil Co. v. Downie*, 873 F.2d 67, 70-71 (4th Cir. 1989). The NTSB "disfavors the use of its personnel in enforcement proceedings," and a party must acquire the NTSB's General Counsel's approval before an employee may testify or produce any documents in their custody." 49 C.F.R. § 821.20(c). Appellees did not provide evidence to the trial court that they had acquired the General Counsel's permission to subpoena any of the NTSB crash site investigators. Even if permission had been acquired, NTSB employees could testify in either Texas or Florida.

Therefore, we hold the trial court did not abuse its discretion in weighing this factor in favor of appellees.

### *4. Does Florida have jurisdiction over all of the defendants?*

There is no doubt Florida has jurisdiction over defendants Reba, Mazak Inc., and the Estate of Paul Mazak because Reba is a Florida resident and Mazak Inc. is incorporated in Florida. *See Weiler*, 861 So.2d at 477 n. 10.

### *5. Does the balance of private and public interest predominate in favor of the claim being brought in Florida?*

Appellants argue the private and public interests favor Texas as the forum. Public interest factors include administrative difficulties, court congestion, requiring jury duty from a community that has no ties to the litigation, local interest in having local controversies resolved locally, and litigating a case in the forum from which the law will be controlling. *In re Gen. Elec.*, 271 S.W.3d at 691. As for the private interest factors, they include the ease of access to the proof, whether compulsory process is available and costly, the possibility of viewing the accident scene if necessary, and "other practical problems that make trial easy, expeditious, and inexpensive." *Id.*

Appellants argue the private interest factors weigh in favor of Texas jurisdiction because a majority of the witnesses and the plane wreckage are in Texas. Appellants argue the public interest factors weigh in favor of Texas because the crash occurred in Texas, was well publicized, and it would not be an imposition on Texas citizens or courts. Appellants also argue Texas law likely governs the claims because the alleged conduct causing the injury and the injury both occurred in Texas.

In contrast, appellees contend that: (1) because a Florida court has already heard the estate administration and some wrongful death claims related to the accident, and a court in Texas "would be starting from scratch," Florida would be a better forum; (2) Florida law governs; (3) this is a "Florida-centric" dispute and should be heard by Florida jurors; (4) because

this case impacts the lives of Florida residents, it should be tried in Florida; and (5) access to proof of damages, i.e., witnesses willing to testify to appellants' relationships with the decedents, is in Florida.

As to the public interest factors, appellees argue: (1) because a Florida court has already heard the estate administration and some wrongful death claims, and a court in Texas "would be starting from scratch," and Florida would be a better forum; (2) Florida law governs the suit; (3) this is a "Florida-centric" dispute and should be heard by Florida jurors; and (4) because this case impacts the lives of Florida residents, it should be tried in Florida. On the other hand, appellants argue that because the crash occurred in Texas, Texas law governs and because it was well publicized, trying the case in Duval County would not be an administrative burden.

Although the plane crash occurred in Texas, all of the parties and decedents were Florida residents at the time of the crash. The only ties to Texas are the injury, Mazak Inc.'s ranch, and the fact the plane was purchased in Texas.

Within the public interest factors, litigating the suit in the forum from which the law will be controlling is a consideration. Here, there is a question of whether Florida or Texas law would apply. In deciding choice-of-law issues, courts use the "most significant relationship" test from the *Restatements*. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). In a torts case, where the injury and tortious behavior occurred, the domicile of the parties, and the place where the relationship between the parties is centered are all relevant factors to consider. *Id.* (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971)). When a plaintiff seeks compensatory damages from a nonresident defendant, where the injury occurred and where the tortious behavior occurred become less important. *Id.* at 849. According to the *Restatement*, when the place of injury is fortuitous, the place of injury is not as important in the determination.

RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145 cmt. e. As appellees point out, the plane could have crashed anywhere between Texas and Florida.

The Texas Supreme Court stated "the most important contacts in determining which state's law governs compensatory damages will usually be the 'ones with the most direct interest in the plaintiff's monetary recovery and/or the most direct in protecting the defendant against financial hardship.'" *Torrington Co.*, 46 S.W.3d at 849 (quoting John B. Austin, *A General Framework for Analyzing Choice-of-Law Problems in Air Crash Litigation*, 58 J. Air. L. & Com. 909, 965 (1993)). The court explained that it is the plaintiff's domiciliary state that has the stronger interest in seeing its own compensatory damages law applied. *Id.* at 850. Because appellants are from Florida, the trial court could have concluded Florida would have a stronger interest in seeing its own laws applied.

The trial court also heard evidence that the decedents' estates were being administered and suits against the estate were filed in Florida. Although appellants attempted to argue the suits have been settled, there is no evidence of this in the record and therefore, is not before the court on review. Because the Florida court tried the estate administration and wrongful death suits, we hold the trial court did not err in finding the Florida court would be better equipped to try this suit. The administrative burden would not be as great in a Florida court as opposed to a Texas court that would be starting from scratch.

### 6. *Does the dismissal result in unreasonable duplication or proliferation of litigation?*

The trial court did not abuse its discretion in finding that trying this suit in the Florida court would be more reasonable than trying it in Texas because the Florida court handling the estate would be better equipped to hear the case. Additionally, by the trial court dismissing the suit in Texas, it would not lead to duplication or proliferation of litigation. The entire suit in

Texas would be dismissed. As stated above, there is no evidence in the record and appellants did not prove the litigation in Florida has been settled. The alleged Florida settlement agreement, as argued by appellants, is not in the record and therefore, not before this court.

Although some factors may weigh more in favor of appellants, the trial court considered all of the relevant factors and reasonably balanced the parties' interests. Therefore, we hold the trial court did not abuse its discretion by granting appellees' motion to dismiss for forum non conveniens.

We overrule appellants' second issue. Because this issue is dispositive of the appeal, we do not reach appellants' other issues.

### CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Marialyn Barnard, Justice