**Opinion issued March 24, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00760-CV

———————————

## IN RE CEVA GROUND US, LP., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, CEVA Ground US, L.P., has filed a petition for writ of mandamus challenging the trial court's denial of relator's motion to dismiss the underlying case on forum non conveniens grounds.[1] We conditionally grant the petition.

---

[1] The underlying case is *Geneva Sisco Timmons, Individually, Malinda Brown as Representative of the Estate of Adrianne Laneal Sisco, Decedent, and Joseph Donald Taylor, ANF to J.N.T. and J.M.T., Minors*, cause number 2019-27415, pending in the 164th District Court of Harris County, Texas, the Honorable Michael Gomez presiding.

## Background

The underlying suit concerns a fatal auto accident in Oklahoma on April 11, 2019, involving decedent Adrianne Laneal Sisco and Abno Salad Olow, an employee of CEVA operating one of its vehicles.

One week later, Geneva Sisco Timmons, individually and purporting to act as representative of Sisco's estate, and Joseph Donald Taylor, as next friend of J.N.T. and J.M.T., minors, filed the underlying suit against CEVA in Harris County, Texas. Timmons is Sisco's mother, Joseph Taylor is Sisco's divorced spouse, and the minors are Sisco's daughters. Timmons, an Oklahoma resident, had petitioned an Oklahoma probate court to be appointed as the personal representative of Sisco's estate, but had not been appointed as the representative before filing the suit.

Sisco's father separately petitioned an Arkansas probate court to appoint Armis Advisers as Special Administrator and Personal Representative of Sisco's estate. The Arkansas probate court appointed Armis Advisers as personal representative. On May 2, 2019, attorney Malinda Brown requested that an Oklahoma probate court appoint her as the personal representative of Sisco's estate. Armis Advisers intervened in the Oklahoma probate action to contest Brown's petition for appointment. The next week, Armis Advisers filed a separate wrongful death and survival lawsuit against CEVA in Arkansas arising out of the same accident as the Harris County, Texas lawsuit. Then, the Oklahoma probate court

2

appointed Brown as personal representative of Sisco's estate. Brown, as the representative of Sisco's estate, was subsequently added as a plaintiff in an amended petition filed in the Harris County case. Armis Advisers filed another suit against CEVA in federal court in Oklahoma. The Arkansas and Oklahoma actions were later voluntarily dismissed.

Prior to the dismissal of the Arkansas and Oklahoma actions, CEVA filed a motion to abate the Harris County case pending resolution of which representative properly represents Sisco's estate and the proper forum for the suit. In conjunction with its motion to abate, CEVA filed a motion to dismiss the Harris County case on grounds of forum non conveniens, asserting that Oklahoma is the more convenient forum. In support of its motion to dismiss, CEVA asserted that (1) suit could be brought in Oklahoma; (2) Oklahoma provides an adequate remedy because, like Texas, Oklahoma has statutes authorizing wrongful death and survival claims; (3) key witnesses and persons with knowledge of relevant facts reside in Oklahoma and could not be compelled to testify if the case were held in Harris County; (4) there is no injustice to plaintiffs by requiring them to sue in Oklahoma; (5) public interest favors dismissal in light of "[c]ourt congestion and the burdens of jury duty in Harris County to resolve an accident centered in Oklahoma and involving Oklahoma law;" (6) Oklahoma law will apply in the case; and (7) dismissal will not duplicate litigation.

After a hearing, the trial court denied both the motion to abate and the motion to dismiss for forum non conveniens. Following the voluntary dismissals of the Arkansas and Oklahoma suits, only the Harris County suit remains pending. CEVA requested that the trial court reconsider its denial of the motion to dismiss and the trial court denied reconsideration. This mandamus petition challenging the denial of the motion to dismiss followed. CEVA subsequently filed a motion requesting a temporary stay of discovery in the underlying proceeding pending our ruling on the mandamus petition. We granted the motion and ordered discovery in the proceeding stayed pending our ruling.

## Standard of Review

Mandamus is appropriate to remedy an improper denial of a motion to dismiss for forum non conveniens. *See In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 679 (Tex. 2007). "An appeal is not adequate when a motion to dismiss on forum non conveniens grounds is erroneously denied, so mandamus relief is available, if it is otherwise warranted." *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 923 (Tex. 2010) (orig. proceeding). "As a general rule, the forum non conveniens decision is committed to the trial court's sound discretion and may be set aside only for a clear abuse of discretion." *In re Mahindra, USA Inc.*, 549 S.W.3d 541, 545 (Tex. 2018) (citations omitted). "It may be reversed only when there has been a clear abuse of discretion; where the court has considered all the relevant public and private interest

4

factors, and where its balancing of these factors is reasonable, its discretion deserves substantial deference." *Quixtar Inc. v. Signature Mgmt. Team, LLC*, 315 S.W.3d 28, 31 (Tex. 2010) (citation omitted).

## Applicable Law

Section 71.051 of the Texas Civil Practice and Remedies Code governs motions to dismiss for forum non conveniens in all actions for personal injury or wrongful death. *See In re Pirelli Tire*, 247 S.W.3d at 674; *In re Mantle Oil & Gas, LLC*, 426 S.W.3d 182, 187 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Section 71.051(b) provides:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action. In determining whether to grant a motion to stay or dismiss an action under the doctrine of forum non conveniens, the court shall consider whether:
>
> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claims;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include

5

consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM. CODE § 71.051(b); *see also In re Mantle Oil & Gas*, 426 S.W.3d at 187–88.

Section 71.051 does not require that the movant prove every statutory factor or that every factor must weigh in favor of dismissal for the movant to be entitled to relief. *See In re Gen. Elec. Co.*, 271 S.W.3d 681, 687 (Tex. 2008); *see also In re Mantle Oil & Gas*, 426 S.W.3d at 188. The statute also does not contain any language placing the burden of proof on either party; instead, section 71.051 "simply requires the trial court to consider the factors, and it must do so to the extent the factors apply." *In re Gen. Elec.*, 271 S.W.3d at 687; *see also In re Mantle Oil & Gas*, 426 S.W.3d at 188.

If these statutory factors weigh in favor of the action being more properly heard in a forum outside of Texas, then dismissal is required. *See In re ENSCO*, 311 S.W.3d at 924 ("The word 'shall' in the statute 'requires dismissal . . . if the statutory factors weigh in favor of the claim or action being more properly heard in a forum outside Texas.'") (quoting *In re Gen. Elec.*, 271 S.W.3d at 686); *see also In re Mantle Oil & Gas*, 426 S.W.3d at 188.

6

The doctrine of forum non conveniens affords great deference to the plaintiff's choice of forum. *In re Pirelli Tire*, 247 S.W.3d at 675; *In re Mantle Oil & Gas*, 426 S.W.3d at 188. But, as here, the doctrine "generally affords substantially less deference to a nonresident's forum choice." *In re Pirelli Tire*, 247 S.W.3d at 675; *In re Mantle Oil & Gas*, 426 S.W.3d at 188; *see also Quixtar Inc.*, 315 S.W.3d at 31 (holding same in common-law forum non conveniens context and noting "that a plaintiff is not a Texas resident speaks directly to a defendant's burden" in establishing propriety of dismissal).

The forum non conveniens doctrine recognizes "that the plaintiff's choice must sometimes yield in the public interest, and in the interest of fundamental fairness." *In re Pirelli Tire*, 247 S.W.3d at 675. Dismissal on forum non conveniens grounds is appropriate when sufficient contacts between the defendant and the forum state exist to confer personal jurisdiction, but the case itself has no significant connection to the forum state. *Id.* at 675–76; *In re Mantle Oil & Gas*, 426 S.W.3d at 188–89. "It is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State." *In re Pirelli Tire*, 247 S.W.3d at 681 (quoting *In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 (Tex. 1998)).

**Analysis**

Plaintiffs filed suit in Harris County, Texas because CEVA's corporate headquarters is in Houston. Although the parties assert various arguments as to which forum—Texas or Oklahoma—is appropriate, the central dispute here hinges on the nature of the claims asserted in the underlying suit. CEVA asserts that the underlying suit concerns fault for an auto accident in Oklahoma, while Plaintiffs assert that the suit is focused on CEVA's negligence in its hiring, training, and supervision practices—all of which presumably originate from its headquarters in Houston. A determination on this issue necessarily guides analysis of the Section 71.051(b) factors the trial court was required to consider in ruling on CEVA's motion to dismiss for forum non conveniens. For instance, if CEVA is correct that the underlying suit is focused on the accident in Oklahoma, then the majority of evidence and witnesses would be in Oklahoma. But if Plaintiffs are correct that the suit is focused on alleged negligence of CEVA in its training, hiring, and its policies and procedures, then evidence and pertinent witnesses would be located in CEVA's headquarters in Houston. Accordingly, before applying the section 71.051(b) factors, we first examine the nature of the claims asserted in the underlying case. We

conclude that the record demonstrates that the suit is focused on the accident in Oklahoma rather than actions taken at CEVA's headquarters in Houston.

## A. Waiver

CEVA asserts in its reply in support of its mandamus petition that Plaintiffs waived the argument in their response that their claims concern allegations that CEVA was negligent in its hiring, training, and supervision of the driver involved in the accident. CEVA asserts that such claims were neither argued to the trial court nor included in any of Plaintiffs' pleadings, including Plaintiffs' first amended petition (the live pleading in the case). CEVA is correct that these claims are not asserted in plaintiff's petition, but incorrect that they were not argued in any pleading before the trial court.

Plaintiffs' First Amended Petition does not provide clear allegations of negligence against CEVA beyond its being vicariously liable for its driver. The relevant portion of the petition provides as follows:

> 6.1 At the time of the accident, CEVA GROUND US, L.P. was the owner/operator of the tractor trailer being driven by one of its drivers. At all times said driver while operating the tractor trailer was an employee and/or agent of CEVA GROUND US, L.P. and was acting within the course and scope of his employment. Therefore, CEVA GROUND US, L.P. is vicariously responsible for the negligence of its driver based on the theory of Respondeat Superior.

> 6.2 Plaintiffs further assert and allege that at the time of the collision made the basis of this suit CEVA GROUND US, L.P. was guilty of various acts and/or omissions, which collectively and severally constituted negligence, which negligence was a proximate cause of the

9

injuries to ADRIANNE LANEAL SISCO, the physical pain and mental anguish she suffered, her death, and of the damages suffered by Plaintiffs.

Plaintiffs point to paragraph 6.2 of their petition as support for their argument that the case involves claims against CEVA for negligent hiring, training, and supervision practices. But, unlike the dismissed suits that were filed in Oklahoma and Arkansas, the petition in this case does not contain any claims or allegations that CEVA was negligent in its hiring, training, and supervision practices. Plaintiffs' reliance on a vague assertion in their petition that CEVA "was guilty of various acts and/or omissions, which collectively and severally constituted negligence" fails to demonstrate that they are asserting claims against CEVA for alleged negligence in its hiring, training, policies, and procedures.

Although Plaintiffs did not assert these claims in their petition, the record does include a single instance in which Plaintiffs nevertheless argued to the trial court that CEVA's motion to dismiss should be denied because the case is about whether CEVA was independently negligent in its hiring, training, polices, and procedures. Specifically, Plaintiffs asserted the following in their brief opposing CEVA's motion to dismiss:

> [T]he instant case is focused on the negligence of this Defendant company in its training, hiring, and its policies and procedures—all of which are presumably devised in and from its headquarters in Houston. Therefore, the pertinent witnesses to prove and defend the case will be

10

individuals of the company located at their principal office in Houston, Texas, and the information and documents located at that office. [2]

This single argument is insufficient to demonstrate the merits of the proposition but, because Plaintiffs at least raised the argument in their opposition brief, we decline to hold that the argument is waived.

**B. Nature of the Claims**

Although inclusion of the argument in Plaintiffs' opposition brief defeats CEVA's claim that the argument is waived, the lack of any claims or allegations of negligent training, hiring, and supervision practices in the petition significantly undermines Plaintiffs' argument that the case is primarily about CEVA's corporate policies in Houston rather than the facts on the ground in Oklahoma. Moreover, Plaintiffs did not argue at the hearing on CEVA's motion to dismiss that the case concerned claims against CEVA for negligent training, hiring, policies and procedures emanating from its Houston headquarters. Instead, Plaintiffs' counsel acknowledged that the case centered on the accident in Oklahoma, arguing that CEVA would not be significantly burdened by trying the case in Houston because the case is "basically a rear-end case." Specifically, counsel asserted:

> So – but that's one of the things that – again, if we're looking at just the 18-wheeler driver and the trooper, I mean, I don't see where there's a big burden on the defendants to be able to try their case here in Houston.

---

[2] CEVA did not include Plaintiffs' opposition brief in the record filed with its petition, but the pleading was included in a supplemental record provided by Plaintiffs.

11

I mean, it's a simple – I mean, I hate to simplify it because it's serious; but it's basically a rear-end case.

At the hearing, the only connection that Plaintiffs' counsel alleged that the case had with Texas was that CEVA's headquarters is in Houston. Notably, the trial court expressed concern about this being the sole connection to the State:

> THE COURT: I agree, Counselor; but I'm just pointing that out. There's nothing here in Texas related to this case, except the fact that these folks are—the principal office is here. And so, when that's the case and—well, it's given no—usually somebody has a relation to—the plaintiff is here. Somebody is—so, there is the forum non convenience that the Court is generally not—so, this may—my concern is it's—it may be outside even the Court's discretion. That's the problem I'm—the concern I'm having.

Despite the trial court expressing concern about the suit's lack of connection to Texas, Plaintiffs' counsel did not argue that Plaintiffs' claims were based on allegations of negligence involving CEVA's headquarters in Houston.

Both the record and the arguments before the trial court demonstrate that the underlying case is centered on fault for the accident in Oklahoma, which CEVA contests. Among other things, CEVA seeks to contest fault by introducing evidence that (1) an eyewitness observed decedent's car stopped on the highway, the eyewitness honked her horn and slowed to alert the driver that what she was doing was dangerous, and the eyewitness subsequently observed the truck strike the car; (2) when informed of her daughter's death, the decedent's mother (an Oklahoma resident) said that the decedent had recently "been sleeping in her vehicle" and might

12

"have been intoxicated;" and (3) Oklahoma toxicologists determined that the decedent "had methamphetamine, amphetamine, and tetrahydrocannabinol in her bloodstream."

Accordingly, we conclude that the record clearly demonstrates that the case is focused on the accident in Oklahoma rather than alleged negligence at CEVA's Houston office. The crux of the case and the direct cause of the injury was a vehicle collision in Oklahoma. Any negligent training or supervision allegedly emanating from CEVA's office in Houston was, at most, a "remote cause." *See In re BPZ Res., Inc.*, 359 S.W.3d 866, 880 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding); *see In re Mantle*, 426 S.W.3d at 197 (noting that, aside from general contention that "big decisions" were made at relator's headquarters in Houston, plaintiffs failed to point to any specific negligent act or omission occurring in Texas that was a proximate cause of injury).

## C. Application of Section 71.051(b) Factors

Having determined that the underlying suit is focused on the automobile accident in Oklahoma, we now evaluate the Section 71.051(b) factors to determine whether the trial court abused its discretion in denying CEVA's motion to dismiss on forum non conveniens grounds. As discussed below, we conclude that the trial court abused its discretion because the factors heavily weigh in favor of dismissal.

13

The only connection the suit has to Texas is that CEVA's corporate headquarters are in Houston. We have held that the location of a company's headquarters is, by itself, insufficient to defeat a motion to dismiss for forum non conveniens. *See In re XTO Energy, Inc*., No. 01-17-00652-CV, 2018 WL 2246216, *9–12 (Tex. App.—Houston [1st Dist.] May 17, 2018, orig. proceeding) (mem. op.). Our decision in *In re XTO Energy* is instructive. *In re XTO* involved a lawsuit brought in Harris County, Texas by non-residents involving injuries sustained from a well fire in North Dakota. The plaintiffs alleged negligence claims against XTO, which owned and operated the well, and Weatherford and KLX, which provided equipment for the well. *Id*. at *2. The suit was filed in Texas because XTO, Weatherford, and KLX had their principal places of business in Texas. *Id*. Plaintiffs alleged that venue was appropriate in Harris County because "it is a county where a substantial portion of the events and/or omissions giving rise to the subject claims occurred, including critical operational and safety decisions that contributed to and/or caused the accident made the basis of this lawsuit." *Id*. at *1. The trial court denied the defendants' motion to dismiss for forum non conveniens and the defendants filed a mandamus petition challenging the denial. Our Court granted mandamus relief compelling the trial court to grant the motion to dismiss for forum non conveniens because the location of the defendant companies' principal places

14

of business was insufficient to overcome all of the other factors weighing in favor of dismissal. We reach the same conclusion in this case.

### 1. An alternate forum exists in Oklahoma.

The first factor under Section 71.051 is whether an alternate forum exists for trial. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(1). Although a plaintiff initially has the right to choose a forum, a plaintiff's choice of forum is given "substantially less deference" whenever the plaintiff is—as here—a non-resident of Texas. *See Quixtar*, 315 S.W.3d at 33; *In re Pirelli Tire*, 247 S.W.3d at 675; *see also In re Friede & Goldman, LLC*, No. 01-18-00409-CV, 2019 WL 2041071, at *3 (Tex. App.—Houston [14th Dist.] May 9, 2019, orig. proceeding) (mem. op.); *In re Mantle*, 426 S.W.3d at 188. An alternative forum exists if a defendant can be sued there. *In re ENSCO*, 311 S.W.3d at 924. Oklahoma courts can exercise specific personal jurisdiction over CEVA because the accident occurred in Oklahoma. *See McKinnis v. Kelly*, 773 P.2d 772, 773 (Ok. Ct. App. 1989) ("We find that the operation of a motor vehicle by a non-resident motorist on the roads and highways of this state, when combined with an act or omission in this state in the operation of that motor vehicle that causes injury to another, is a sufficient 'minimum contact' with the State of Oklahoma so as to vest jurisdiction over a non-resident motorist in the District Courts of this state."); 12 OKLA. STAT. § 187 ("In addition to the other counties in which an action may be brought against a nonresident of this state, an action where

all defendants are nonresidents of the state may be brought in the county where the cause of action arose or in the county where the plaintiff or one of the plaintiffs resides."). Plaintiffs do not dispute that CEVA is amenable to process in Oklahoma and that, therefore, Oklahoma is an available alternate forum. This first factor weighs in favor of dismissal.

### 2. Oklahoma provides an adequate remedy.

The second factor is whether the alternate forum provides an adequate remedy. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(2). An alternate forum is inadequate if the remedies that it offers are so unsatisfactory that they really are no remedy at all. *In re ENSCO*, 311 S.W.3d at 924; *In re Gen. Elec.*, 271 S.W.3d at 688. Comparative analysis of procedures in different forums is generally not appropriate in a forum non conveniens analysis because comparison of the rights, remedies, and procedures available in each forum requires complex exercises in comparative law that the forum non conveniens doctrine is "designed to help courts avoid." *In re ENSCO*, 311 S.W.3d at 924–25 (quoting *In re Gen. Elec.*, 271 S.W.3d at 688). Thus, comparative analyses are relevant to the forum non conveniens decision "only if a potential transfer would effectively result in no available remedy at all." *Id*. at 925; *In re Gen. Elec.*, 271 S.W.3d at 688; *see also In re Pirelli Tire*, 247 S.W.3d at 678 ("That the substantive law of an alternative forum may be less favorable to the plaintiff is entitled to little, if any, weight."). Oklahoma, like Texas,

has a statute authorizing wrongful-death and survival claims. 12 OKLA. STAT. §§ 1051, 1054. This is sufficient to provide an adequate remedy. *See In re Oceanografia, S.A. de C.V.*, 494 S.W.3d 728, 732 (Tex. 2016) (per curiam) (orig. proceeding) (lesser remedies are acceptable unless "they really comprise no remedy at all"); *In re ENSCO*, 311 S.W.3d at 925 (same). Plaintiffs do not dispute that Oklahoma provides an adequate remedy. This second factor weighs in favor of dismissal.

### 3. Maintaining the action in Texas would cause substantial injustice to CEVA.

The third factor is whether litigating the case in Texas will result in substantial injustice to the moving party. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(3). "When examining this factor, the trial court considers, among other things, the location of relevant documents and evidence and whether a majority of witnesses may be reached by compulsory process in Texas, which are also considerations under the fifth factor—the balance of private interest factors." *In re Mantle*, 426 S.W.3d at 192.

*Location of relevant documents and evidence*. As discussed, the suit is focused on fault for the accident that occurred in Oklahoma. Relevant documents and evidence regarding the accident are located in Oklahoma, not Texas. Among other things, the toxicology screens and autopsy were conducted in Oklahoma. Moreover, the Oklahoma Highway Patrol's case files on the accident are in Oklahoma.

17

*Location of witnesses*. The suit is focused on fault for the accident that occurred in Oklahoma. CEVA demonstrates that at least 13 witnesses reside in Oklahoma, including the sole eyewitness, the plaintiffs themselves, investigating officers, the attending medical personnel, and the autopsy and toxicology experts. No witness identified by the parties resides in Texas. Maintaining the suit in Texas would work a substantial injustice on CEVA because the great majority of witnesses, including key witnesses, are in Oklahoma and are beyond the compulsory subpoena power of the Texas trial court. Plaintiffs nevertheless contend that litigating in Texas would not work a substantial injustice to CEVA because CEVA is headquartered here. But our Court has rejected similar contentions. *See In re XTO*, 2018 WL 2246216, at *9; *In re Mantle*, 426 S.W.3d at 192-93.

We therefore conclude that the location of witnesses weighs in favor of dismissal. *See ENSCO*, 311 SW.3d at 925 ("ENSCO argues, and we agree . . . that the lack of compulsory process in Texas for reaching the great majority of witnesses would be substantially unjust."); *In re Gen. Elec.*, 271 S.W.3d at 689 (holding that this factor weighed strongly in favor of dismissal because witnesses with relevant knowledge of the plaintiff's asbestos exposure and damages were outside subpoena power of Texas courts); *In re XTO Energy,* 2018 WL 2246216, at *7 ("When the great majority of witnesses are not subject to compulsory process in Texas, litigating a case in Texas can result in a substantial injustice to the defendant."); *In re Mantle*,

18

426 S.W.3d at 192-93 (holding this factor weighed in favor of dismissal where the subject accident occurred in Louisiana and significant witnesses with relevant knowledge were located in Louisiana, outside the subpoena power of Texas courts); *In re BPZ Res.*, 359 S.W.3d at 875 ("The lack of compulsory process in Texas for reaching the great majority of witnesses would be substantially unjust.").

### 4. Oklahoma has jurisdiction over CEVA.

The fourth factor is whether the alternate forum may exercise jurisdiction over all the defendants. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(4). CEVA is the only defendant in the suit. As discussed in our analysis of the first factor, Oklahoma courts can exercise specific personal jurisdiction over CEVA because the accident occurred there. *See McKinnis*, 773 P.2d at 773 (Ok. Ct. App. 1989); *see also* 12 OKLA. STAT. § 187. Plaintiffs do not dispute that Oklahoma has jurisdiction over CEVA. This fourth factor weighs in favor of dismissal.

### 5. Balance of private and public interests favors litigating in Oklahoma.

The fifth factor is whether the balance of private and public factors predominate in favor of the claim being heard in Oklahoma. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(5). We examine these private and public interest factors in turn below.

#### a) Private Interest Factors

"The private interest considerations generally are considered to be the ease of

access to proof, the availability and cost of compulsory process, the possibility of viewing the premises, if appropriate, and other practical problems that make trial easy, expeditious, and inexpensive." *In re Gen. Elec*., 271 S.W.3d at 691.

*Ease of access to proof.* Ease of access to proof favors Oklahoma because the accident occurred there, the great majority of witnesses are there, and the toxicology screens and autopsy were conducted there. Witnesses located in Oklahoma include Oklahoma Highway Patrol officers who investigated the accident, an eyewitness, EMT personnel who responded to the scene, the medical examiner who performed the autopsy, the toxicologist who performed the toxicology screen on Sisco, and the toxicologist who screened a blood sample taken from CEVA's driver.

*Cost of Compulsory Proof.* "[B]ecause the majority of the pertinent evidence and witnesses are in" Oklahoma, "the expense of litigating in Texas will be greater than it would be to litigate in" Oklahoma. *Vinmar Trade Fin. Ltd. v. Util. Trailers de Mexico, S.A. de C.V.*, 336 S.W.3d 664, 677 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Moreover, most key witnesses reside in Oklahoma—beyond subpoena power of a Texas court—but they could be subpoenaed to testify in Oklahoma.

*Possibility of viewing the premises.* Because the accident occurred in Oklahoma, a jury view of the accident site, if needed, could easily be performed if the trial were held in Oklahoma. Conversely, viewing the premises would be

impractical if the trial were held in Houston, requiring out-of-state travel and accommodations.

We conclude that these private-interest factors weigh in favor of dismissal. We next consider the public interest factors.

### b) Public Interest Factors

"Generally, the public interest factors to be considered are administrative difficulties related to court congestion, burdening the people of a community with jury duty when they have no relation to the litigation, local interest in having localized controversies decided at home, and trying a case in the forum that is at home with the law that governs the case." *In re Gen. Elec.*, 271 S.W.3d at 691.

*Court Congestion.* Given the suit's lack of connection with Texas, holding the trial in Harris County would unduly add to court congestion. "Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin." *In re Pirelli*, 247 S.W.3d at 679 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). As the Texas Supreme Court has recognized, "[i]t is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State." *Id*. at 681(quoting *In re Smith Barney,* 975 S.W.2d at 598). We conclude that, in addition to the financial cost, hearing cases with no significant connection to Texas

21

similarly poses an unfair administrative cost by increasing congestion in an already busy court system.

*Jury Duty*. Given the lack of connection, trying the case in Harris County would also impose an undue burden on Harris County jurors. *See id*. at 679 ("As the Supreme Court has stated, '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'") (quoting *Gulf Oil Corp.* 330 U.S. at 508-09). Moreover, the Harris County system has been operating under a smaller temporary jury assembly system since Hurricane Harvey flooded the jury plaza in 2017, making jury duty "increasingly unattractive to potential jurors." Samantha Ketterer, *Battling the jury duty problem, where fewer than 1 in 4 show up*, HOUSTON CHRONICLE, Jan. 25, 2020, https://www.houstonchronicle.com/news/houston-texas/houston/article/Battling-the-jury-duty-problem-where-fewer-than-15010187.php.

*Local interest in resolving local disputes.* Because this case arises out of an Oklahoma motor-vehicle accident, Oklahoma has a significant interest in ensuring that the claims are properly determined under Oklahoma law, including its traffic laws. This points to trying the case where it happened—in Oklahoma. *See In re Pirelli*, 247 S.W.3d at 679 (finding public interests favored Mexican forum over Texas where "[t]he safety of Mexican highways and products within the country's borders are also Mexican interests."). Plaintiffs assert that there is a local interest in

22

resolving the dispute in Texas because CEVA's headquarters are in Texas. But CEVA has nationwide operations and Oklahoma's interest in the safety of individuals within its borders and the conduct of companies doing business in the State is greater than any interest Texas might have in the suit. *See In re XTO Energy, Inc.*, 2018 WL 2246216, at \*9 ("North Dakota's interest in the safety of individuals who are working within its borders and the conduct of companies doing business in the state is stronger than any interest Texas may have in this lawsuit simply because the corporate defendants are located in Houston.").

*Governing law.* Which state's law governs an issue is a question of law for the court to decide. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000). In deciding choice-of-law issues, Texas courts use the "most significant relationship" test from the Restatement. *Id.*; *Schippers v. Mazak Properties, Inc.*, 350 S.W.3d 294, 300 (Tex. App.—San Antonio 2001, pet. denied). In a tort case, where the injury and tortious behavior occurred, the domicile of the parties, and the place where the relationship between the parties is centered are all relevant factors to consider. *Torrington Co.*, 46 S.W.3d at 848 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 145(2) (1971)). In such instances, the Restatement's "most significant relationship test" includes a presumption in favor of applying the law of the place of the injury. *See* RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 145, 146; *see also Enter. Products Partners, L.P. v. Mitchell*, 340 S.W.3d 476, 480 (Tex. App.—

23

Houston [1st Dist.] 2011, writ dism'd). In this case, the injuries occurred in Oklahoma and Plaintiffs have not rebutted the presumption that Oklahoma law governs the dispute. Oklahoma trial courts and courts of appeals will be more efficient and comfortable with determining and applying Oklahoma law. *See ENSCO*, 311 S.W.3d at 928.

### c) Weighing the Private and Public Interest Factors

Section 71.051(b)(5) requires a trial judge to balance the private and public interests to determine whether those factors predominate in favor of the claim being more properly heard in a forum outside Texas. In this case, both the private and public interest factors weigh in favor of the underlying action being heard in Oklahoma.

### *6. Dismissal Would Not Result in Unreasonable Duplication of Litigation.*

The final factor we consider is whether the dismissal would result in unreasonable duplication or proliferation of litigation. TEX. CIV. PRAC. & REM. CODE § 71.051(b)(6). The cases filed in Arkansas and Oklahoma have been dismissed. Dismissing this case and requiring Plaintiffs to pursue their claims in a new case filed in Oklahoma, where a probate court has appointed an estate representative, would not duplicate litigation. This sixth factor weighs in favor of dismissal.

## Conclusion

When all section 71.051(b) factors in a case favor the conclusion that an action would be more properly held in a forum outside Texas, as they do here, the statute requires the trial court to grant motions requesting that it decline to exercise its jurisdiction. *In re Gen. Elec.*, 271 S.W.3d at 693-94. The trial court's denial of the CEVA's motion to dismiss violated the forum non conveniens statute and was an abuse of its discretion. *Id.*

For the forgoing reasons, we conditionally grant the petition for writ of mandamus and direct the trial court to (1) vacate its order denying CEVA's motion to dismiss for forum non conveniens and (2) grant the motion to dismiss. We are confident that the trial court will promptly comply, and our writ will issue only if it does not. We dismiss any pending motions as moot.


Sarah Beth Landau
Justice


Panel consists of Chief Justice Radack and Justices Landau and Hightower.